**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CRISTINE REYNAERT (SBN 240476)
creyneart@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for Defendant
CAPITAL ONE, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN O. LINDGREN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HSBC CARD & RETAIL SERVICES, INC a/k/a HSBC CARD SERVICES INC., by and through Its Successor in Interest Capital One Financial Corporation, HSBC TECHNOLOGY & SERVICES (USA) INC., and CAPITAL ONE FINANCIAL CORPORATION<br><br>Defendants. | CASE NO. 2:14-cv-05615-JVS (RNBx)<br><br>*Assigned to Courtroom 10c*<br>*The Hon. James V. Selna*<br><br>**CLASS ACTION**<br><br>**DEFENDANT CAPITAL ONE, N.A.'S ANSWER TO COMPLAINT** |

NOW COMES Defendant CAPITAL ONE, N.A. ("CAPITAL ONE," erroneously named as Capital One Financial Corporation), by and through its counsel, and hereby answers the Complaint filed by plaintiff STEFAN O. LINDGREN ("Plaintiff") and alleges as follows:

**INTRODUCTION AND GENERAL BACKGROUND ALLEGATIONS**

1. CAPITAL ONE denies the allegations contained in Paragraph 1 that relate to CAPITAL ONE and which do not present a legal conclusion not subject to admission or denial. As to any allegations in paragraph 1 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

2. CAPITAL ONE admits that it placed outbound telephone calls to its credit card account holders to discuss their credit card accounts. CAPITAL ONE admits that some outbound telephone calls were placed to account holders' cellular telephones. Except as expressly admitted, CAPITAL ONE denies the remaining allegations contained in Paragraph 2 that relate to CAPITAL ONE. As to any allegations in paragraph 2 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

3. CAPITAL ONE admits that it recorded some telephone conversations involving its California credit card account holders during the time period of May 1, 2012 to the present. Except as expressly admitted, CAPITAL ONE denies the remaining allegations contained in paragraph 3.

4. CAPITAL ONE denies the allegations in paragraph 4 that relate to CAPITAL ONE. As to any allegations in paragraph 4 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

1

DEFENDANT CAPITAL ONE'S ANSWER TO COMPLAINT

## JURISDICTION

5. CAPITAL ONE admits that Plaintiff purports to bring the instant claims on a class-action basis, and that this Court has jurisdiction over this action. Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, and on that basis, denies those allegations.

## VENUE

6. CAPITAL ONE admits that venue is proper in the Central District of California. Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 which do not present a legal conclusion not subject to admission or denial, and on that basis, denies those allegations.

## PARTIES

7. CAPITAL ONE admits it purchased a Private Label General Motors credit card account ending in 2118, and that Plaintiff Stefan O. Lindgren is an account holder on this account. CAPITAL ONE denies that it recorded any conversations with Plaintiff. Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and on that basis, denies those allegations.

8. CAPITAL ONE denies the allegations in paragraph 8 that relate to CAPITAL ONE. As to any allegations in paragraph 8 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

9. CAPITAL ONE admits that, on May 1, 2012, pursuant to an agreement with HSBC Finance Corporation, HSBC USA Inc. and HSBC Technology and Services (USA) Inc. (collectively, "HSBC"), Capital One Financial Corporation closed the acquisition of substantially all of the assets and

certain Assumed Liabilities, as that term is defined in the Purchase and Assumption Agreement between HSBC and Capital One Financial Corporation dated August 10, 2011, of HSBC's credit card and private-label credit card business in the United States (other than the HSBC Bank USA, National Association consumer credit card program and certain other retained assets and liabilities) (the "HSBC Card Acquisition"). Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and, on that basis, denies those allegations.

10. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies those allegations.

11. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, denies those allegations.

12. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, on that basis, denies those allegations.

13. CAPITAL ONE admits that Capital One Financial Corporation is a Delaware corporation with its headquarters in McLean, Virginia (however, properly named defendant Capital One, N.A. is a national association, also headquartered in McLean, Virginia). CAPITAL ONE admits that, on May 1, 2012, pursuant to an agreement with HSBC, Capital One Financial Corporation closed the HSBC Card Acquisition. Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and, on that basis, denies those allegations.

14. CAPITAL ONE admits that, on May 1, 2012, pursuant to an

1 agreement with HSBC, Capital One Financial Corporation closed the HSBC Card Acquisition. CAPITAL ONE admits that on May 1, 2012, Capital One Services, LLC ("Capital One Services"), a wholly owned indirect subsidiary of Capital One Financial Corporation, entered into a Purchaser Transition Services Agreement (the "TSA") with HSBC Technology & Services (USA) Inc. ("HTSU"). Pursuant to the TSA, HTSU and its affiliates agreed to provide certain services to Capital One Services and its affiliates related to the operation of the credit card business acquired by Capital One Financial Corporation in the HSBC Card Acquisition. To the extent that paragraph 14 of the Complaint purports to quote from or summarize the TSA between HTSU and Capital One Services, CAPITAL ONE respectfully refers the Court to the entire document for a complete and accurate recitation of its contents. Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and, on that basis, denies those allegations.

15. CAPITAL ONE admits that it recorded some telephone communications, including cellular telephone communications, with individuals located within California after May 1, 2012. CAPITAL ONE denies that it did so without the consent of these individuals. Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and, on that basis, denies those allegations.

16. CAPITAL ONE denies the allegations in paragraph 16 that relate to CAPITAL ONE. As to any allegations in paragraph 16 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

17. CAPITAL ONE admits that Plaintiff establishes his intent in paragraph 17 to collectively refer to certain defendants as the "HSBC

1  Defendants."

2  　　18.　CAPITAL ONE does not have knowledge or information sufficient
3  to form a belief as to the truth of the allegations in paragraph 18 and, on that basis,
4  denies those allegations.

5  　　19.　CAPITAL ONE admits that, on May 1, 2012, pursuant to an
6  agreement with HSBC, Capital One Financial Corporation closed the HSBC Card
7  Acquisition.  To the extent that paragraph 19 of the Complaint purports to quote
8  from or summarize the Purchase and Assumption Agreement dated August 10,
9  2011 between HSBC and Capital One Financial Corporation, CAPITAL ONE
10  respectfully refers the Court to the entire document for a complete and accurate
11  recitation of its contents.  Except as expressly admitted, CAPITAL ONE does not
12  have knowledge or information sufficient to form a belief as to the truth of the
13  remaining allegations in paragraph 19 and, on that basis, denies those allegations.

14  　　20.　CAPITAL ONE admits that, on May 1, 2012, pursuant to an
15  agreement with HSBC, Capital One Financial Corporation closed the HSBC Card
16  Acquisition.  CAPITAL ONE admits that Plaintiff has quoted select language
17  from the definitions of certain defined terms presented in the Purchase and
18  Assumption Agreement dated August 10, 2011 between HSBC and Capital One
19  Financial Corporation.  To the extent that paragraph 20 of the Complaint purports
20  to quote from or summarize the Purchase and Assumption Agreement dated
21  August 10, 2011, between HSBC and Capital One Financial Corporation,
22  CAPITAL ONE respectfully refers the Court to the entire document for a
23  complete and accurate recitation of its contents.  Except as expressly admitted
24  herein, CAPITAL ONE does not have knowledge or information sufficient to
25  form a belief as to the truth of the remaining allegations in paragraph 20 and, on
26  that basis, denies those allegations.

27  　　21.　CAPITAL ONE does not have knowledge or information sufficient
28  to form a belief as to the truth of the allegations in paragraph 21 and, on that basis,

1 denies those allegations.

2     22.    CAPITAL ONE admits that certain employees who performed work in connection with the credit card business acquired in the HSBC Card Acquisition were retained to continue providing services in connection with that credit card business after May 1, 2012. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and, on that basis, denies those allegations.

    23.    CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies those allegations.

    24.    CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, denies those allegations.

    25.    CAPITAL ONE admits that, as reported in Capital One Financial Corporation's 2012 10-K as filed with the SEC, California represented 10% of the domestic credit card and installment loan business affiliated with Capital One Financial Corporation's subsidiaries in 2012, and that no other single state represented a larger share of this line of business. CAPITAL ONE admits that, as reported in Capital One Financial Corporation's 2013 10-K as filed with the SEC, California represented 9.8% of the domestic credit card and installment loan business affiliated with Capital One Financial Corporation's subsidiaries in 2013, and that no other single state represented a larger share of this line of business.

## FACTUAL ALLEGATIONS REGARDING THE ELECTRONIC RECORDING OF CONFIDENTIAL TELEPHONIC COMMUNICATIONS WITH THE REPRESENTATIVE PLAINTIFF

    26.    CAPITAL ONE admits that it called a telephone number associated with Plaintiff's Private Label General Motors credit card account ending in 2118. CAPITAL ONE admits it placed one outbound call in connection with the credit

6

DEFENDANT CAPITAL ONE'S ANSWER TO COMPLAINT

card account ending in 2118 on August 1, 2012 that was not recorded.  CAPITAL ONE admits that, with respect to the one telephone call referenced herein, a call recording disclosure was not given because the call was not recorded.  Except as expressly admitted, CAPITAL ONE denies the remaining allegations contained in paragraph 26 that relate to CAPITAL ONE.  As to any allegations in paragraph 26 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

## **DEFENDANTS' IMPROPER AND ILLEGAL RECORDING POLICIES AND PRACTICES**

27. CAPITAL ONE denies the allegations contained in paragraph 27 that relate to CAPITAL ONE.  As to any allegations in paragraph 27 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

28. CAPITAL ONE denies the allegations contained in paragraph 28 that relate to CAPITAL ONE.  To the extent that paragraph 28 of the Complaint purports to quote from or summarize judicial opinions, CAPITAL ONE respectfully refers the Court to the entire opinions for a complete and accurate recitation of their contents.  As to any allegations in paragraph 28 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

29. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, denies those allegations.

30. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, on that basis,

denies those allegations.

31.  CAPITAL ONE admits that, on May 1, 2012, pursuant to an agreement with HSBC, Capital One Financial Corporation closed the HSBC Card Acquisition.  CAPITAL ONE admits that on May 1, 2012, Capital One Services entered into the TSA with HTSU, pursuant to which HTSU and its affiliates agreed to provide certain services to Capital One Services and its affiliates related to the operation of the credit card business acquired by Capital One Financial Corporation in the HSBC Card Acquisition.  To the extent that paragraph 31 of the Complaint purports to quote from or summarize the Purchase and Assumption Agreement dated August 10, 2011, between HSBC and Capital One Financial Corporation, and/or the TSA dated May 1, 2012 between HTSU and Capital One Services, CAPITAL ONE respectfully refers the Court to the entire documents for a complete and accurate recitation of their content.  Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and, on that basis, denies those allegations.

32.  CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, on that basis, denies those allegations.

33.  CAPITAL ONE denies the allegations contained in paragraph 33 to the extent that Plaintiff is alleging that CAPITAL ONE had a "policy and practice during the relevant period [to not] provide any verbal notice or warning during the call to credit card customers that the calls are being recorded."  To the extent that paragraph 33 of the Complaint purports to quote from or summarize judicial opinions, CAPITAL ONE respectfully refers the Court to the entire opinions for a complete and accurate recitation of their contents.  Except as expressly admitted, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and, on that

8

basis, denies those allegations.

34. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the legal conclusion presented in paragraph 34, nor any factual allegations underpinning that legal conclusion, and on that basis, denies the allegations contained in paragraph 34.

35. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the legal conclusion presented in paragraph 35, nor any factual allegations underpinning that legal conclusion, and on that basis, denies the allegations contained in paragraph 35.

36. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the legal conclusion presented in paragraph 36, nor any factual allegations underpinning that legal conclusion, and on that basis, denies the allegations contained in paragraph 36.

37. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the legal conclusion presented in paragraph 37, nor any factual allegations underpinning that legal conclusion, and on that basis, denies the allegations contained in paragraph 37.

38. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the legal conclusion presented in paragraph 38, nor any factual allegations underpinning that legal conclusion, and on that basis, denies the allegations contained in paragraph 38.

39. CAPITAL ONE admits that it records a portion of its telephonic communications with its California credit card account holders. CAPITAL ONE admits that certain of its telephonic communications with its California credit card account holders involve financial information related to that account holders' credit card account. Except as expressly admitted, CAPITAL ONE denies the remaining allegations contained in paragraph 39 that relate to CAPITAL ONE. As to any allegations in paragraph 39 that relate to other defendants, CAPITAL

ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

40.     CAPITAL ONE denies the allegations in Paragraph 40 that relate to CAPITAL ONE.  As to any allegations in paragraph 40 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

## CLASS ACTION ALLEGATIONS

41.     CAPITAL ONE admits that Plaintiff purports to bring this action as a class action "pursuant to Fed. R. Civ. P. 23(a) and (b)(2)-(3)."

42.     CAPITAL ONE admits that, through paragraph 42, Plaintiff seeks to represent a class of individuals as defined therein.  Except as expressly admitted, CAPITAL ONE denies the allegations in Paragraph 42 that relate to CAPITAL ONE.  As to any allegations in paragraph 42 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

43.     CAPITAL ONE admits that, through paragraph 43, Plaintiff seeks to represent subclasses of individuals as defined therein.  Except as expressly admitted, CAPITAL ONE denies the allegations in Paragraph 43 that relate to CAPITAL ONE.  As to any allegations in paragraph 43 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

44.     CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and, on that basis, denies those allegations.

45.     CAPITAL ONE does not have knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, denies those allegations.

46. CAPITAL ONE denies the allegations in Paragraph 46 that relate to CAPITAL ONE. As to any allegations in paragraph 46 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

47. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, denies those allegations.

48. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, denies those allegations.

49. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and, on that basis, denies those allegations.

50. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, denies those allegations.

51. CAPITAL ONE admits it placed an outbound call in connection with the credit card account ending in 2118 on August 1, 2012 that was not recorded. Except as expressly admitted, CAPITAL ONE denies all other allegations in paragraph 51 which relate to CAPITAL ONE. As to any allegations in paragraph 51 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

52. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and, on that basis,

1 denies those allegations.

2     53.   CAPITAL ONE denies the allegations in Paragraph 53 which relate to CAPITAL ONE. As to any allegations in paragraph 53 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

7     54.   CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations presented in paragraph 54 and, on that basis, denies those allegations.

10     55.   CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations presented in paragraph 55 and, on that basis, denies those allegations.

13     56.   CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations presented in paragraph 56 and, on that basis, denies those allegations.

16     57.   CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations presented in paragraph 57 and, on that basis, denies those allegations.

19     58.   CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations presented in paragraph 58 and, on that basis, denies those allegations.

22     59.   CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations presented in paragraph 59 and, on that basis, denies those allegations.

25     60.   CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the allegations presented in paragraph 60 and, on that basis, denies those allegations.

28     61.   CAPITAL ONE does not have knowledge or information sufficient

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

1 to form a belief as to the truth of the allegations presented in paragraph 61 and, on
2 that basis, denies those allegations.

3     62.    CAPITAL ONE does not have knowledge or information sufficient
4 to form a belief as to the truth of the allegations presented in paragraph 62 and, on
5 that basis, denies those allegations.

6     63.    CAPITAL ONE does not have knowledge or information sufficient
7 to form a belief as to the truth of the allegations presented in paragraph 63 and, on
8 that basis, denies those allegations.

9     64.    CAPITAL ONE denies the allegations in Paragraph 64 which relate
10 to CAPITAL ONE.  As to any allegations in paragraph 64 that relate to other
11 defendants, CAPITAL ONE does not have knowledge or information sufficient to
12 form a belief as to the truth of those allegations and, on that basis, denies those
13 allegations.

## FIRST CAUSE OF ACTION

15     65.    CAPITAL ONE restates and incorporates its responses to paragraphs
16 1 through 64 above as if fully set forth herein.

17     66.    CAPITAL ONE admits it placed one outbound call in connection
18 with the credit card account ending in 2118 on August 1, 2012 that was not
19 recorded.  Upon information and belief, the telephone number dialed was a
20 cellular telephone number, and thus outside the scope of California Penal Code
21 section 632.  Except as expressly admitted, CAPITAL ONE does not have
22 knowledge or information sufficient to form a belief as to the truth of the
23 remaining allegations presented in paragraph 66 and, on that basis, denies those
24 allegations.

25     67.    CAPITAL ONE denies that it recorded the telephone call it placed in
26 connection with the credit card account ending in 2118.  Except as expressly
27 admitted, CAPITAL ONE denies the allegations in paragraph 67 related to
28 CAPITAL ONE.  As to any allegations in paragraph 67 that relate to other

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

1 defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

68. CAPITAL ONE denies the allegations contained in paragraph 68 that relate to CAPITAL ONE and Plaintiff. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations presented in paragraph 68 and, on that basis, denies those allegations.

69. CAPITAL ONE denies the allegations contained in Paragraph 69 that relate to CAPITAL ONE. As to any allegations in paragraph 69 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

70. CAPITAL ONE denies the allegations contained in Paragraph 70 that relate to CAPITAL ONE. As to any allegations in paragraph 70 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

71. CAPITAL ONE denies the allegations contained in Paragraph 71 that relate to CAPITAL ONE. As to any allegations in paragraph 71 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

72. CAPITAL ONE denies the allegations contained in Paragraph 72 that relate to CAPITAL ONE. As to any allegations in paragraph 72 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

73. CAPITAL ONE admits that Plaintiff purports to seek injunctive relief

1  through this action.  Except as expressly admitted, CAPITAL ONE denies the
2  allegations contained in Paragraph 73 that relate to CAPITAL ONE.  As to any
3  allegations in paragraph 73 that relate to other defendants, CAPITAL ONE does
4  not have knowledge or information sufficient to form a belief as to the truth of
5  those allegations and, on that basis, denies those allegations.

## SECOND CAUSE OF ACTION

7  74.  CAPITAL ONE restates and incorporates its responses to paragraphs
8  1 through 73 above as if fully set forth herein.

9  75.  CAPITAL ONE does not have knowledge or information sufficient
10  to form a belief as to the truth of the allegations presented in paragraph 75 and, on
11  that basis, denies those allegations.

12  76.  CAPITAL ONE admits that it has the ability to record some
13  telephone communications with its credit card account holders, but CAPITAL
14  ONE denies that it "surreptitiously record[ed]" any telephone communications,
15  cellular or otherwise.  Except as expressly admitted, CAPITAL ONE  does not
16  have knowledge or information sufficient to form a belief as to the truth of the
17  remaining allegations presented in paragraph 76 and, on that basis, denies those
18  allegations.

19  77.  CAPITAL ONE denies the allegations contained in Paragraph 77 that
20  relate to CAPITAL ONE.  As to any allegations in paragraph 77 that relate to
21  other defendants, CAPITAL ONE does not have knowledge or information
22  sufficient to form a belief as to the truth of those allegations and, on that basis,
23  denies those allegations.

24  78.  CAPITAL ONE denies the allegations contained in Paragraph 78 that
25  relate to CAPITAL ONE.  As to any allegations in paragraph 78 that relate to
26  other defendants, CAPITAL ONE does not have knowledge or information
27  sufficient to form a belief as to the truth of those allegations and, on that basis,
28  denies those allegations.

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

79. CAPITAL ONE denies the allegations contained in Paragraph 79 that relate to CAPITAL ONE. As to any allegations in paragraph 79 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

80. CAPITAL ONE denies the allegations contained in Paragraph 80 that relate to CAPITAL ONE. As to any allegations in paragraph 80 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

81. CAPITAL ONE denies the allegations contained in Paragraph 81 that relate to CAPITAL ONE. As to any allegations in paragraph 81 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

82. CAPITAL ONE admits that Plaintiff purports to seek injunctive relief through this action. Except as expressly admitted, CAPITAL ONE denies the allegations contained in Paragraph 82 that relate to CAPITAL ONE. As to any allegations in paragraph 82 that relate to other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

## PRAYER FOR RELIEF

CAPITAL ONE denies that Plaintiff is entitled to any of the relief prayed for in his Complaint as it relates to CAPITAL ONE's conduct. As to the conduct of other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the prayer for relief.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint, CAPITAL ONE

asserts the following affirmative defenses.  Each defense is asserted as to all causes of action against CAPITAL ONE.  By setting forth these affirmative defenses, CAPITAL ONE does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted against CAPITAL ONE.

## SECOND AFFIRMATIVE DEFENSE
### (Offset)

2. Any amounts owed to Plaintiff and/or any member of the purported class members must be set off against the amounts that Plaintiff and/or any purported class member owes to CAPITAL ONE as a result of his or her debt obligations to CAPITAL ONE or otherwise.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitation)

3. The Complaint, and all claims therein, are barred in whole or in part by the applicable statute of limitations, Cal. Code of Civil Procedure section 340(a).

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

4. The Complaint, and all claims therein, are barred in whole or in part because Plaintiff and/or other putative class members lack standing to assert the claims alleged because, among other reasons, CAPITAL ONE's records reflect that the only call CAPITAL ONE made in connection with Plaintiff's Private Label General Motors account ending to 2118 was not recorded.

///

///

## FIFTH AFFIRMATIVE DEFENSE
## (Consent)

5.Plaintiff and the members of the purported class expressly or impliedly consented to the recording or monitoring of their telephone calls with CAPITAL ONE.

## SIXTH AFFIRMATIVE DEFENSE
## (Reasonableness and Good Faith)

6.CAPITAL ONE acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by CAPITAL ONE at the time it so acted.

## SEVENTH AFFIRMATIVE DEFENSE
## (Preemption)

7.Plaintiff, and any person he purports to represent, is precluded from any recovery from CAPITAL ONE because the asserted claims are preempted by federal law.

## EIGHTH AFFIRMATIVE DEFENSE
## (Action is Barred)

8.Plaintiff and the putative class members' action and all claims therein are barred by the terms of the contracts dictating the terms of their credit card accounts.

## NINTH AFFIRMATIVE DEFENSE
## (Due Process)

9.The imposition of liability and/or statutory damages under California's Invasion of Privacy Act, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process Clause.

///

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

10. Plaintiff is barred from recovery by the doctrine of laches because Plaintiff knew of the purported acts or omissions as ascribed to CAPITAL ONE and nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of CAPITAL ONE.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

11. CAPITAL ONE reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to CAPITAL ONE during the course of litigation.

WHEREFORE, Defendant CAPITAL ONE prays for judgment against Plaintiff as follows:

1. That the Complaint be dismissed with prejudice in its entirety;
2. That Plaintiff take nothing by reason of his Complaint;
3. That judgment be entered in favor of Defendant CAPITAL ONE;
4. For recovery of Defendant CAPITAL ONE'S costs of suit, including its attorneys' fees to the extent recoverable by contract or law; and
5. For such other and further relief as the Court deems just.

Dated:  September 22, 2014          **DOLL AMIR & ELEY LLP**

By: */s/ Hunter Eley*_____
       Hunter Eley

Attorneys for Defendant Capital One, N.A.

---

19
DEFENDANT CAPITAL ONE'S ANSWER TO COMPLAINT